**ELNAZ MASOOM (SBN 266106)**
**MASOOM LAW FIRM, P.C.**
1625 The Alameda, Suite 700
San Jose, California 95126
T: (408) 599-3191
W: masoomlaw.com
Elnaz@masoomlaw.com

Attorneys for PLAINTIFFS THANH NGUY and HANH NGUYEN

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH NGUY and HANH NGUYEN,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>JABIL INC., a California Corporation; DOES 1 THROUGH 20, inclusive,<br><br>　　　　　Defendants | **Case No. 5:24-cv-06798-EKL**<br><br>**FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND**<br><br>1.  **Race/National Origin Discrimination**<br>2.  **Age Discrimination**<br>3.  **Failure to Prevent Discriminatory Practices**<br>4.  **Harassment**<br>5.  **Retaliation**<br>6.  **Intentional Infliction of Emotional Distress**<br>7.  **Negligence (Infliction of Emotional Distress)**<br>8.  **Unlawful Business Practices (California Business and Professions Code § 17200 et seq.)**<br>9.  **Wrongful Termination in Violation of Public Policy**<br>10. **Loss of Consortium** |

MLF – A0033

PLAINTIFFS THANH NGUY and HANH NGUYEN allege as follows:

## INTRODUCTION

1.  PLAINTIFF THANH NGUY ("NGUY") and PLAINTIFF HANH NGUYEN ("NGUYEN") (collectively "PLAINTIFFS") bring this action against JABIL INC. ("JABIL") and DOES 1 THROUGH 20, inclusive (collectively referred to as "DEFENDANTS").

2.  PLAINTIFFS collectively bring this action for damages due to: (1) Race/National Origin Discrimination; (2) Age Discrimination; (3) Failure to Prevent Discriminatory Practices; (4) Harassment; (5) Retaliation; (6) Intentional Infliction of Emotional Distress; (7) Negligence (Infliction of Emotional Distress); (8) Unlawful Business Practices under California Business and Professions Code § 17200 et seq.; (9) Wrongful Termination in Violation of Public Policy; and (10) Loss of Consortium.

3.  PLAINTIFFS seek injunctive and declaratory relief; compensation for all lost wages and benefits; emotional distress damages; and attorneys' fees, penalties, interests, and costs as permitted by applicable law.

4.  PLAINTIFFS seek punitive damages, as DEFENDANTS' conduct was willful, malicious, and in conscious disregard of PLAINTIFFS' rights.

## PARTIES

5.  PLAINTIFF THANH NGUY is an individual who, at all relevant times, was a resident of the State of California. PLAINTIFF was employed by JABIL INC., located in Santa Clara County, California.

6.  PLAINTIFF HANH NGUYEN is an individual who, at all relevant times, was a resident of the State of California and married to PLAINTIFF.

7.  JABIL INC. is a corporation doing business in the State of California, with its principal place of business in Santa Clara County, California.

8.  PLAINTIFFS are ignorant of the true names and capacities of the DEFENDANTS sued

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
Case No.: 5:24-cv-06798-EKL

MLF – A0033

herein as DOES 1 through 20, inclusive, and therefore sue these DEFENDANTS by such fictitious names. PLAINTIFFS are informed and believe, and on that basis allege, that these DEFENDANTS are liable for the events and damages as alleged herein. PLAINTIFFS will seek to amend this Complaint to allege their true names and capacities when ascertained.

9.  PLAINTIFFS are informed and believe, and on that basis allege, that at all relevant times, each of the DEFENDANTS was acting as the partner, agent, servant, and employee of each of the remaining DEFENDANTS, and in doing the things herein alleged was acting within the course and scope of such agency and with the authorization of the remaining DEFENDANTS.

## JURISDICTION AND VENUE

10.  Defendants requested removal of this action to federal court, a request granted.

11.  Previously the action was conducted in Santa Clara County Superior Court, which had jurisdiction and venue was proper because PLAINTIFF NGUY was employed by DEFENDANTS in Santa Clara County, State of California. Jurisdiction and venue are also proper because all of the claims and causes of actions arose in this County.  The action was removed by defendant to federal court on the basis of diversity.  After removal, this court retains jurisdiction.

12. Santa Clara County Superior Court had jurisdiction over NGUY's claims for injunctive relief and restitution of ill-gotten benefits arising from DEFENDANTS' unlawful business acts and practices under B&P Code §§ 17203 and 17204. The action was removed by defendant to federal court on the basis of diversity. After removal, this court retains jurisdiction.

13.  NGUY has given notice to the California Department of Fair Employment and Housing ("DFEH") and received a right to sue notice. As such, NGUY has exhausted his administrative remedies prior to filing suit.

///

///

MLF – A0033

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
Case No.: 5:24-cv-06798-EKL

**FACTUAL ALLEGATIONS**

14. Plaintiff THANH NGUY began his employment with JABIL INC. as an Equipment Support Supervisor on and around December 14, 2015, stationed in San Jose, California. During NGUY's tenure, he consistently met and exceeded the performance standards expected of his position.

15. NGUY'S national origin is Vietnamese and his race is Asian.

16. NGUY was born in November, 1975, and is currently 49 years old.

17. Almost all of the employees in NGUY'S working group were Hispanic, and none were Asian.

18. Almost all of the employees in NGUY'S working group were substantially younger than NGUY.

19. On or around January 2023, NGUY received a final warning letter listing dates he had allegedly been tardy or out of the office. NGUY asserts that these claims were a surprise, that they were false, and that he was not out of the office on those dates.

20. Three weeks after receiving the final warning letter, NGUY was placed on administrative leave and was subsequently terminated on January 31, 2023.

21. Around the same time as NGUY's termination, two individuals of the same race as his supervisor and the Human Resources personnel involved in his termination were hired.

22. The two new employees were less qualified for the position than NGUY.

23. NGUY's termination, coupled with the hiring of these less qualified individuals, gives rise to a reasonable inference that his termination was motivated by racial discrimination.

24. This discriminatory motive is further supported by the lack of legitimate business reasons provided for NGUY's termination and the disparate treatment NGUY experienced compared to similarly situated employees who were of the same race as the supervisor and HR personnel.

25. As a direct consequence of DEFENDANTS' actions, NGUY has suffered damages, including but not limited to economic losses and emotional distress.

MLF – A0033

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
Case No.: 5:24-cv-06798-EKL

**FIRST CAUSE OF ACTION**
(Racial Discrimination in Violation of FEHA)
Against All Defendants

26. PLAINTIFFS re-allege and incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

27. PLAINTIFF NGUY is an "employee" within the meaning of the California Fair Employment and Housing Act ("FEHA").

28. DEFENDANTS are "employers" within the meaning of the FEHA, Cal. Gov't Code § 12940, et seq. Specifically, § 12940(a) prohibits an employer from discriminating against an employee on the basis of their race/national origin.

29. DEFENDANTS treated NGUY differently from other JABIL INC. employees.

30. NGUY's race/national origin was a motivating factor for the discriminatory treatment.

31. DEFENDANTS gave NGUY a final warning letter alleging tardiness and absence from work, which NGUY asserts is false, baseless, and without merit.

32. Three weeks after receiving the final warning letter, NGUY was placed on administrative leave and subsequently terminated on January 31, 2023.

33. Around the same time as NGUY's termination, DEFENDANTS hired two less qualified individuals of the same race as the supervisor and HR personnel involved in NGUY's termination.

34. DEFENDANTS' actions give rise to a reasonable inference that NGUY's termination was motivated by racial discrimination.

35. As a direct and proximate result of DEFENDANTS' discriminatory actions, NGUY has suffered and continues to suffer damages, including but not limited to lost wages, benefits, and emotional distress.

**SECOND CAUSE OF ACTION**
(Age Discrimination in Violation of FEHA)
Against All Defendants

36. PLAINTIFFS re-allege and incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

MLF – A0033

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
Case No.: 5:24-cv-06798-EKL

37. PLAINTIFF NGUY is an "employee" within the meaning of the FEHA.

38. DEFENDANTS are "employers" within the meaning of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, et seq.

39. DEFENDANTS discriminated against NGUY based on his age by giving him a baseless final warning letter and subsequently terminating him.

40. DEFENDANTS' actions were motivated by NGUY's age.

41. DEFENDANTS replaced NGUY with younger, less qualified individuals shortly after his termination.

42. As a direct and proximate result of DEFENDANTS' discriminatory actions, NGUY has suffered damages, including lost wages, emotional distress, and other economic and non-economic damages in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
(Failure to Prevent Discrimination and Harassment in Violation of FEHA)
Against All Defendants

43. PLAINTIFFS re-allege and incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

44. At all times relevant herein, California Gov't Code §§ 12940, et seq. was in full force and effect, and binding on DEFENDANTS. Specifically, Section 12940(k) provides that it is an unlawful employment practice for an employer "to fail to take all reasonable steps necessary to prevent discrimination ... from occurring."

45. DEFENDANTS failed to take all reasonable steps necessary to prevent discrimination based on race/national origin and age.

46. DEFENDANTS failed to investigate PLAINTIFF NGUY's complaints of discrimination adequately.

47. As a direct and proximate result of DEFENDANTS' failure, NGUY has suffered damages, including lost wages, emotional distress, and other economic and non-economic damages in an amount to be proven at trial.

///

**FOURTH CAUSE OF ACTION**
(Harassment in Violation of FEHA)
Against All Defendants

48. PLAINTIFFS re-allege and incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

49. PLAINTIFF NGUY is an "employee" within the meaning of the FEHA.

50. DEFENDANTS are "employers" within the meaning of the FEHA, Cal. Gov't Code § 12940, et seq.

51. DEFENDANTS subjected NGUY to unwelcome harassment based on his race/national origin and age.

52. DEFENDANTS' supervisors and HR personnel made derogatory remarks about NGUY's race/national origin and age.

53. The harassment was severe or pervasive enough to alter the conditions of NGUY's employment and create a hostile or abusive work environment.

54. As a direct and proximate result of DEFENDANTS' harassment, NGUY has suffered damages, including lost wages, emotional distress, and other economic and non-economic damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
(Retaliation in Violation of FEHA)
Against All Defendants

55. PLAINTIFFS re-allege and incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

56. At all times relevant herein, California Gov't Code §§ 12940, et seq. was in full force and effect and binding on DEFENDANTS. Specifically, Section 12940(h) provides that it is an unlawful employment practice for an employer to retaliate against an employee who has opposed any practices forbidden under FEHA.

57. PLAINTIFF NGUY engaged in protected activities by making complaints about the discriminatory treatment he experienced based on his race/national origin and age.

58. DEFENDANTS retaliated against NGUY by giving him a false and baseless final

MLF – A0033

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
Case No.: 5:24-cv-06798-EKL

- 7 -

warning letter, placing him on administrative leave, and subsequently terminating his employment.

59. The retaliatory actions were taken shortly after NGUY made complaints about discrimination, creating a causal connection between the complaints and the adverse actions.

60. As a direct and proximate result of DEFENDANTS' retaliatory actions, NGUY has suffered damages, including lost wages, emotional distress, and other economic and non-economic damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
Against All Defendants

61. PLAINTIFFS re-allege and incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

62. DEFENDANTS engaged in extreme and outrageous conduct by subjecting PLAINTIFF NGUY to discriminatory treatment, harassment, and retaliatory actions based on his race/national origin and age.

63. DEFENDANTS' conduct was intended to cause NGUY emotional distress or was done with reckless disregard of the probability of causing NGUY emotional distress.

64. As a direct and proximate result of DEFENDANTS' extreme and outrageous conduct, NGUY has suffered severe emotional distress, including but not limited to anxiety, depression, and humiliation.

65. DEFENDANTS' conduct was a substantial factor in causing NGUY's severe emotional distress.

66. As a result of DEFENDANTS' actions, NGUY is entitled to damages, including compensatory and punitive damages, in an amount to be proven at trial.

///

///

///

///

MLF – A0033

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
Case No.: 5:24-cv-06798-EKL

- 8 -



**SEVENTH CAUSE OF ACTION**
Negligence (Infliction of Emotional Distress)
Against All Defendants

67. PLAINTIFFS re-allege and incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

68. DEFENDANTS had a duty to provide a workplace free from discrimination, harassment, and retaliation.

69. DEFENDANTS breached this duty by subjecting PLAINTIFF NGUY to discriminatory treatment, harassment, and retaliatory actions based on his race/national origin and age.

70. DEFENDANTS' conduct was negligent and unreasonable under the circumstances.

71. As a direct and proximate result of DEFENDANTS' negligent conduct, NGUY has suffered severe emotional distress.

72. DEFENDANTS' conduct was a substantial factor in causing NGUY's severe emotional distress.

73. As a result of DEFENDANTS' actions, NGUY is entitled to damages, including compensatory damages, in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**
(Unlawful Business Practices in Violation of B&P Code § 17200 et seq.)
Against All Defendants

74. PLAINTIFFS re-allege and incorporate by reference all of the foregoing paragraphs as though set forth fully herein.

75. California Business and Professions (B&P) Code § 17200 et seq. prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

76. B&P Code § 17202 provides: "Notwithstanding Section 2289 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

77. B&P Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

78. B&P Code § 17203 also provides that any person who meets the standing requirements

MLF – A0033

of Section 17204 and complies with California Code of Civil Procedure Section 382 may pursue representative claims for relief on behalf of others.

79.  B&P Code § 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

80.  Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with the minimum standards law.

81.  Pursuant to B&P § 17202, PLAINTIFF NGUY is entitled to enforce all applicable provisions of the Labor Code.

82.  Beginning at an exact date unknown to NGUY, DEFENDANTS have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair, and fraudulent practices and acts described in this Complaint, including, but not limited to: violations of FEHA and other laws prohibiting discrimination, harassment, and retaliation.

83.  The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of B&P Code §§ 17200 and 17203, et seq.

84.  The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of B&P Code §§ 17200 and 17203, et seq. Among other things, DEFENDANTS' acts and practices have forced NGUY to labor without receiving fair treatment.

85.  The acts and practices described above have allowed DEFENDANTS to gain an unfair competitive advantage over law-abiding employers and competitors.

86.  As a direct and proximate result of the acts and practices described herein, NGUY has been denied compensation and fair treatment, in an amount to be proven at trial.

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
Case No.: 5:24-cv-06798-EKL

MLF – A0033

- 10 -

87. NGUY is entitled to restitution pursuant to B&P Code § 17203 for all wages and other compensation unlawfully withheld from him during the statutory period prior to the filing of the complaint.

88. As a direct and proximate result of the aforementioned acts and practices, DEFENDANTS have received, and continue to receive, ill-gotten gains belonging to NGUY.

89. Injunctive relief is necessary and appropriate to prevent DEFENDANTS from repeating their unlawful, unfair, and fraudulent business acts and practices described herein.

90. Pursuant to § 17203 and/or any other applicable law, NGUY seeks an order preventing DEFENDANTS from engaging in unlawful, unfair, and fraudulent conduct, and preventing DEFENDANTS from profiting and benefiting from illegal and wrongful acts.

### NINTH CAUSE OF ACTION
(Wrongful Termination in Violation of Public Policy)
Against All Defendants

91. PLAINTIFFS re-allege and incorporate by reference all of the previous allegations herein.

92. At all times relevant herein, PLAINTIFF NGUY was an employee of DEFENDANTS and was protected from discrimination in his employment on the basis of race, national origin, and age under FEHA and other applicable laws.

93. DEFENDANTS terminated NGUY's employment in violation of the fundamental public policies embodied in FEHA and other applicable laws prohibiting discrimination and retaliation.

94. NGUY's complaints about discriminatory practices and his opposition to such practices were substantial motivating reasons for DEFENDANTS' decision to terminate NGUY's employment.

95. As a direct and proximate result of DEFENDANTS' wrongful termination of NGUY's employment, NGUY has suffered and continues to suffer substantial losses in earnings, other employment benefits, and has incurred other economic losses in an amount to be

MLF – A0033

proven at trial.

96.  As a direct and proximate result of DEFENDANTS' wrongful termination of NGUY's employment, NGUY has suffered and continues to suffer emotional distress, humiliation, and mental anguish, all to NGUY's damage in an amount to be proven at trial.

97.  DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively with the wrongful intention of injuring NGUY, from an improper and evil motive amounting to malice, and in conscious disregard of NGUY's rights, entitling NGUY to recover punitive damages in an amount to be proven at trial.

## TENTH CAUSE OF ACTION
(Loss of Consortium)
Against All Defendants

98.  PLAINTIFFS re-allege and incorporate by reference all of the previous allegations herein.

99.  At the time of the tortious acts complained of in PLAINTIFFS' Complaint, the PLAINTIFFS were married. PLAINTIFFS have been married and living together for more than 27 years, continue to be married, and have two sons together.

100.  As a result of the wrongful and negligent acts of the Defendants, and each of them, PLAINTIFF HANH NGUYEN has been caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship. None of these problems were in existence until after the wrongful acts of the Defendants, and each of them.

101.  All the injuries and damages were caused solely and proximately by the tortious acts of the Defendants upon which PLAINTIFFS have sued them hereinabove.

102.  NGUYEN has been damaged as a result, and seeks damages for her loss of relationship, loss of society and companionship, loss of future earning and inheritance, loss of household services, loss of parenting and childcare in an amount to be proven at trial, plus costs, pre-judgment interest, post-judgment interest, and any other costs this court deems appropriate.

///

///

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
Case No.: 5:24-cv-06798-EKL

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS NGUY and (as to Loss of Consortium) NGUYEN pray for judgment against DEFENDANTS, and each of them, as follows:

1.  For a declaratory judgment that DEFENDANTS have violated the California Fair Employment and Housing Act (FEHA) and other applicable laws by discriminating against PLAINTIFF NGUY on the basis of race, national origin, and age, and by retaliating against NGUY for engaging in protected activities;

2.  For a declaratory judgment that DEFENDANTS have violated California Business and Professions Code §§ 17200, et seq., as a result of the aforementioned violations of California public policy protecting workers from discrimination, harassment, and retaliation;

3.  For injunctive relief prohibiting DEFENDANTS, their officers, agents, employees, and all those acting in concert with them, from engaging in each of the unlawful practices set forth herein and to implement policies and practices to prevent such unlawful practices from occurring in the future;

4.  For an order requiring DEFENDANTS to make NGUY whole by providing appropriate back pay, front pay, general and special damages (including emotional distress), and compensation for loss of benefits and wages, in an amount to be proven at trial;

5.  For compensatory damages, including but not limited to, lost wages, benefits, and other economic losses, according to proof;

6.  For general damages for emotional distress, mental anguish, humiliation, and pain and suffering, according to proof;

7.  For punitive and exemplary damages in an amount appropriate to punish DEFENDANTS and deter others from engaging in similar misconduct, according to proof;

8.  For restitution of all money and property acquired by DEFENDANTS through their unfair, unlawful, and fraudulent business practices, in an amount to be proven at trial;

9.  For prejudgment interest on all amounts claimed as permitted by law;

10. For an award of reasonable attorneys' fees and costs as provided by FEHA, California Business and Professions Code §§ 17200, et seq., and any other applicable law;

MLF – A0033

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

Case No.: 5:24-cv-06798-EKL

WHEREFORE, PLAINTIFF HANH NGUYEN prays for judgment against DEFENDANTS, and each of them, as follows:

11. For economic and non-economic damages for her loss of relationship, loss of society and companionship, loss of future earning and inheritance, loss of household services, loss of parenting and childcare in an amount to be proven at trial;

WHEREFORE, PLAINTIFFS each jointly pray for judgment against DEFENDANTS, and each of them:

12. For costs of suit incurred herein;

13. For pre-judgment interest and post-judgment interest, and

14. For such other and further relief as the Court may deem just and proper.

**MASOOM LAW FIRM P.C.**

Dated: March 19, 2025

By: /s/Elnaz Masoom
Elnaz Masoom, Esq.
Attorneys for Plaintiffs
THANH NGUY and
HANH NGUYEN

**JURY TRIAL DEMANDED**

PLAINTIFFS request a trial by jury on each cause of action for which a trial by jury is proper.

**MASOOM LAW FIRM P.C**

Dated: March  19, 2025

By: /s/Elnaz Masoom
Elnaz Masoom, Esq.
Attorneys for Plaintiffs
THANH NGUY and
HANH NGUYEN

MLF – A0033

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
Case No.: 5:24-cv-06798-EKL

## CERTIFICATE OF SERVICE

**Case Name:** *Thanh Nguy v. Jabil, inc., et al.*
**Case No.** Northern District of California Case No. 5:24-cv-06798-EKL

I am a resident of California, over the age of eighteen years, and not a party to the within action. My business address is Masoom Law Firm P.C., 1625 The Alameda, Suite 700, San Jose, CA 95126. On this date, I served within documents upon counsel in the manner described below. :

1. **FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND**

Participants in the case who are registered CM/ECF users will be served by the Northern District CM/ECF System. In addition, the following counsel will be served in the manner described below:

Via US First Class Mail                      Attorney for Defendant
Ian Andrew Wright                            JABIL, INC, et al.
Kaitlin Hanigan Owen
Alston & Bird LLP
350 South Grand Avenue
Ste 5100
Los Angeles, CA 90071
ian.wright@alston.com
kaitlin.owen@alston.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. March 19, 2025, at San Jose, California.

/s/ Monique Nicolas

Monique Nicolas

MLF – A0033

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND
Case No.: 5:24-cv-06798-EKL