**ELNAZ MASOOM (SBN 266106)**
**MASOOM LAW FIRM, P.C.**
99 North First St, Suite 200
San Jose, CA 95113
T: (408) 599-3191
W: masoomlaw.com
Elnaz@masoomlaw.com
Attorneys for Plaintiff, THANH NGUY




# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

THANH NGUY

      Plaintiff,

 v.

JABIL INC., a California Corporation; DOES 1
THROUGH 20, inclusive,

      Defendants

**Case No. 5:24-cv-06798-EKL**

**PLAINTIFF'S OPPOSITION TO DEFENDANT JABIL INC.'S MOTION FOR SANCTIONS**

**Hearing Date: March 31, 2026**
**Hearing Time: 10:00 AM**
**Judge: Magistrate Judge Virginia K. DeMarchi**

**Action Filed:  July 12, 2024**
**Trial Date:  October 13, 2026**

**[concurrently filed with Declaration Of Elnaz Masoom In Support Of  P Plaintiff's Opposition To Defendant Jabil Inc.'s Motion For Sanctions]**

## I.  INTRODUCTION

The deposition at issue was noticed by Plaintiff to occur at Plaintiff's counsel's offices in San Jose, California (with remote participation permitted). The witness, identified by the Defendant as a Person Most Qualified as it related to Plaintiff's employment with Jabil was not disclosed to Plaintiff before the scheduled deposition. Defense counsel's decision to fly from California to Florida to sit with the witness is a voluntary, non-recoverable litigation choice, not a Rule 30(g) expense.

## II.    PROCEDURAL BACKGROUND

Pre-Litigation

On January 5, 2024, Defendant was notified by way of a letter of representation about the claims set forth herein.

Complaint Filed

On July 12, 2024, Plaintiff filed his complaint in Superior Court of California for the County of Santa Clara against Defendant alleging (1) Race/National Origin Discrimination; (2) Age Discrimination; (3) Failure to Prevent Discriminatory Practices; (4) Harassment; (5) Retaliation; (6) Intentional Infliction of Emotional Distress (IIED); (7) Negligent Infliction of Emotional Distress (NIED); (8) Unlawful Business Practices under California Business and Professions Code §17200 et seq.; (9) Wrongful Termination in Violation of Public Policy; and (10) Defamation.

Removal to Federal Court

On September 27, 2024, Defendant filed a Notice of Removal based on diversity jurisdiction, and the action was removed to this Court.

Defendant's Motion to Dismiss Plaintiff's Complaint

On October 4, 2024, Defendant filed a Motion to Dismiss Plaintiff's Complaint. After the parties met and conferred. Plaintiff agreed to remove Defamation from the alleged causes of actions. On October 13, 2024, Plaintiff filed an Opposition to Defendant's Motion to Dismiss. On October 25, 2024, Defendant filed a Reply to Plaintiff's Opposition. On October 28, 2024, Defendant filed an Amended Notice. On March 14, 2025, the Court granted Plaintiff's motion to amend the complaint.  The March 19, 2025 hearing was taken off calendar.

On June 5, 2025, the Court ordered this case to be referred to Mediation. On September 29, 2025, the parties attended mediation and the case did not settle.

## III.    LEGAL STANDARD

Discovery sanctions must be tied closely to the specific rule authorizing them and supported by the record. *Sali v. Corona Regional Medical Center*, 884 F.3d 1218 (9th Cir. 2018).  The Court reinforced strict textual reading of Rule 30(g) and undercut attempts to expand fee-shifting

beyond the rule.

//

//

### IV.     LEGAL ARGUMENT

Defense counsel's request for sanctions under Federal Rule of Civil Procedure 30(g) lacks merit. Rule 30(g) permits recovery only of reasonable expenses incurred in attending a deposition. Where, as here, the deposition was expressly noticed to proceed remotely, defense counsel's unilateral decision to incur cross-country travel expenses in order to sit with the witness was not reasonably necessary to attend the deposition and falls outside the Rule's narrow scope. See *Kiser v. General Electric Corp.,* 2012 WL 3645323, at *2 (E.D. Cal. Aug. 23, 2012).

### A.  Attendance is mandatory.

Rule 30(g) permits recovery only where a party actually attends a deposition expecting it to proceed. Courts within this Circuit routinely deny expenses where the movant cannot demonstrate such attendance. See *Kiser v. General Electric Corp.,* 2012 WL 3645323, at *2 (E.D. Cal. Aug. 23, 2012) (denying Rule 30(g) expenses where the party did not attend the deposition.

Plaintiff's counsel provided notice of cancellation the day before the scheduled deposition, and did so in good faith and as soon as practicable under the circumstances. Rule 30(g) does not authorize sanctions based solely on late notice where the Rule's attendance requirement is unmet.

### B.  Preparation costs alone are not recoverable.

Rule 30(g) is about wasted appearances, not general litigation costs. Moreover, preparation costs alone are not recoverable under Rule 30(g) absent the attendance and failure-to-proceed circumstances expressly contemplated by the Rule, not where the moving party cannot demonstrate actual attendance in reliance on the deposition notice. Accordingly, Defense counsel has not incurred recoverable costs under Rule 30(g).

Defense knew the deposition was remote. Defense counsel chose the most expensive option. Defense never warned they would incur travel. Defense could have appeared remotely at minimal cost. Therefore, expenses were not reasonably incurred and were not avoidable for defendant.

### C.  Notice of cancellation without attendance does not trigger the rule.

PLAINTIFF'S OPPOSITION TO  DEFENDANT JABIL INC.'S MOTION FOR SANCTIONS

Case No.: 5:24-cv-06798-EKL

In light of evolving case priorities and proportionality considerations under Rule 26(b)(1), Plaintiff determined the deposition was no longer warranted. Plaintiff, through his counsel, gave notice as soon as it was practicable. Because no deposition occurred and defense counsel did not attend a proceeding that failed to go forward, the Rule's fee-shifting provision is not triggered.

**D.  The moving party's own choices caused the expenses.**

Even if the attendance requirement was met, expenses must still be reasonable and necessary. Courts may deny cost-shifting where the movant's own choices caused the expense. In re *Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 351 (N.D. Ill. 2005) No one asked Defense counsel to travel to Florida. It was unnecessary and their own unilateral choice to do so.

Defense counsel's voluntary decision to travel to Tampa, Florida likewise does not justify sanctions. Defense counsel never advised in advance that travel was planned or necessary, and nothing in the record suggests such travel was required. Indeed, defense counsel has previously avoided travel in this matter when it suited their convenience. Having elected to travel without confirming the deposition would proceed, defense counsel cannot shift those discretionary costs to Plaintiff. Here, why should Plaintiff have to pay for defense lawyer's voluntary trip to Tampa? It has not been established why that was necessary at all.

**E.  Equity does not favor sanctions.**

Finally, the equities do not favor sanctions. In a prior mediation in San Francisco—where the mediator expressly required all parties' physical attendance—only Defense counsel appeared, and no defendant appeared, blatantly disregarding the mediator's instructions.  This history underscores the absence of any prejudice warranting fee shifting here.

**F.  Defendant's notice of motion improperly seeks fees against Plaintiff's counsel.**

Defendant's motion is improper to the extent it seeks recovery directly from Plaintiff's counsel. Under Rule 30(g), recovery is permitted only against the opposing party; any attorney fees claimed must be part of the party's reasonable expenses. See *Kiser v. General Electric Corp.,* 2012 WL 3645323, at 2 (E.D. Cal. Aug. 23, 2012).

Therefore, attorney fees are recoverable solely as reasonable costs incurred by the party.

**V.  RELIEF REQUESTED**

PLAINTIFF'S OPPOSITION TO  DEFENDANT JABIL INC.'S MOTION FOR SANCTIONS

Case No.: 5:24-cv-06798-EKL

In sum, because the conditions required by Rule 30(g) were not satisfied, there is no basis for awarding fees or costs. For the reasons stated above, Plaintiff Thanh Nguy respectfully request that this Court deny Defendant Jabil Inc.'s motion.

Respectfully submitted,
**MASOOM LAW FIRM P.C.**

Dated: March 10, 2026                 By: /s/ Elnaz Masoom
                                          Elnaz Masoom, Esq.
                                          Attorneys for Plaintiff
                                          THANH NGUY

## CERTIFICATE OF SERVICE

**Case Name:** *Thanh Nguy v. Jabil, inc., et al.*
**Case No.** Northern District of California Case No. 5:24-cv-06798-EKL

I am a resident of California, over the age of eighteen years, and not a party to the within action. My business address is Masoom Law Firm P.C., 1625 The Alameda, Suite 700, San Jose, CA 95126. On this date, I served within documents upon counsel in the manner described below. :

1. **PLAINTIFF'S OPPOSITION TO DEFENDANT JABIL INC.'S MOTION FOR SANCTIONS**
2. **DECLARATION OF ELNAZ MASOOM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT JABIL INC.'S MOTION FOR SANCTIONS**

Participants in the case who are registered CM/ ECF users will be served by the Northern District CM/ ECF System. In addition, the following counsel will be served in the manner described below:

<u>Via Electronic Service</u>                    Attorney for Defendant
Ian Andrew Wright                                   JABIL, INC, et al.
Kaitlin Hanigan Owen
Alston & Bird LLP
350 South Grand Avenue
Ste 5100
Los Angeles, CA 90071
ian.wright@alston.com
kaitlin.owen@alston.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. March 10, 2026, at San Jose, California.

/s/ Monique Nicolas

Monique Nicolas

MLF – A0033

PLAINTIFF'S OPPOSITION TO DEFENDANT JABIL INC.'S MOTION FOR SANCTIONS
Case No.: 5:24-cv-06798-EKL