**ELNAZ MASOOM (SBN 266106)**
**MASOOM LAW FIRM, P.C.**
99 North First St, Suite 200
San Jose, CA 95113
T: (408) 599-3191
W: masoomlaw.com
Elnaz@masoomlaw.com
Attorneys for Plaintiff, THANH NGUY

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH NGUY<br><br>                    Plaintiff,<br><br>    v.<br><br>JABIL INC., a California Corporation; DOES 1 THROUGH 20, inclusive,<br><br>                    Defendants | **Case No. 5:24-cv-06798-EKL**<br><br>**DECLARATION OF ELNAZ MASOOM IN SUPPORT OF  P PLAINTIFF'S OPPOSITION TO DEFENDANT JABIL INC.'S MOTION FOR SANCTIONS**<br><br>**Hearing Date: March 31, 2026**<br>**Hearing Time: 10:00 AM**<br>**Judge: Magistrate Judge Virginia K. DeMarchi**<br><br>**Action Filed:  July 12, 2024**<br>**Trial Date:  October 13, 2026**<br><br><br>**[concurrently filed with Plaintiff's Opposition To Defendant Jabil Inc.'s Motion For Sanctions]** |

I, ELNAZ MASOOM, declare:

1.      I am an attorney licensed to practice law in the State of California and counsel of record for Plaintiff THANH NGUY in the above-entitled matter. I have personal knowledge of the facts stated herein and, if called to testify, could and would competently do so.

2.      On January 5, 2024, Defendant was notified by way of a letter of representation about the claims set forth herein.

3.      I set the deposition of Defendant's Person Most Qualified for October 16, 2025, to take place remotely. An amended deposition notice was served by Plaintiff on December 1, 2025,

DECLARATION OF ELNAZ MASOOM IN SUPPORT OF  PLAINTIFF'S OPPOSITION TO ORDER GRANTING DEFENDANT JABIL INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR SANCTIONS Case No.: 5:24-cv-06798-EKL

- 1 -

setting new deposition date for December 15, 2025.  It was agreed that Defense counsel would appear remotely.

4.      On December 14, 2025 Defense Counsel or Defendants were not required to appear in person as they were permitted to appear remotely and therefore did not incur any travel expenses to our office, where the deposition was to be held. (See Exhibit A).

5.      The witness, identified by the Defendant as a Person Most Qualified as it related to Plaintiff's employment with Jabil was not disclosed to Plaintiff before the scheduled deposition.

6.      I provided notice of cancellation the day before the scheduled deposition, and did so in good faith and as soon as practicable under the circumstances.

7.      Defense knew the deposition was remote.

8.      Defense never warned they would incur travel.

9.      Plaintiff determined the deposition was no longer warranted. Plaintiff, through his counsel, gave notice as soon as it was practicable.

10.     Defense counsel did not attend a proceeding that failed to go forward. Defense counsel never advised in advance that travel was planned or necessary, and nothing in the record suggests such travel was required. Indeed, defense counsel has previously avoided travel in this matter when it suited their convenience.

11.     In a prior mediation in San Francisco—where the mediator expressly required all parties' physical attendance—only Defense counsel appeared, and no defendant appeared, blatantly disregarding the mediator's instructions.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 10th day of March, 2026, at San Jose, California.

/s/Elnaz Masoom
Elnaz Masoom, Esq

DECLARATION OF ELNAZ MASOOM IN SUPPORT OF  PLAINTIFF'S OPPOSITION TO ORDER GRANTING DEFENDANT JABIL INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR SANCTIONS Case No.: 5:24-cv-06798-EKL

- 2 -

# EXHIBIT A

 MASOOM —LAW FIRM—

# PMQ Deposition 12/15/25- Cancellation Notice

6 messages

---

**Elnaz Masoom** <emasoom@masoomlaw.com>  Sun, Dec 14, 2025 at 10:58 PM
To: "Wright, Ian" <Ian.Wright@alston.com>, "Owen, Kaitlin" <Kaitlin.Owen@alston.com>
Cc: Gil Katzen <gil@masoomlaw.com>, Monique Nicolas <monique@masoomlaw.com>

Dear Counsel,

My apologies for the the very short notice.

Unfortunately, due to reasons I am unable to disclose, we will not proceed with tomorrow's deposition. I understand the inconvenience this may cause. Should we need to reschedule this deposition, we will reach out to you.

Thank you for your understanding.

Regards,

EM

---

**Wright, Ian** <Ian.Wright@alston.com>  Mon, Dec 15, 2025 at 2:36 PM
To: Elnaz Masoom <emasoom@masoomlaw.com>, "Owen, Kaitlin" <Kaitlin.Owen@alston.com>
Cc: Gil Katzen <gil@masoomlaw.com>, Monique Nicolas <monique@masoomlaw.com>

Dear Elnaz,

I understand that there are circumstances preventing the deposition from proceeding as scheduled.  I hope you are okay.

As you will recall, we agreed via email on 11/4/25 that your office would take the deposition of Jabil's corporate representative today and that we would take the continued deposition of Mr. Nguy on 1/8/26 notwithstanding the 11/17/25 discovery cutoff.  Following this email confirmation, we served your office on 11/6/25 with an amended notice for Mr. Nguy's deposition.  On 12/1/25, your office served an amended 30(b)(6) depo notice that also purported to include document requests.  We served objections to the amended 30(b)(6) deposition notice on 12/9/25.  On Friday, 12/12/25, we emailed you to remind you to send us a link to login to the remote deposition a Jabil's corporate representative that was scheduled for proceed today.  It was not until your below email on Sunday evening at 10:59pm PT that you cancelled the deposition of Jabil's corporate representative.

I am disappointed at this last minute cancellation of a deposition that has been on the books for well over a month.  Although I understand that unexpected cancellations can happen from time to time, it's unfortunate that you didn't provide notice of the cancellation before we incurred the costs associated with flying to Jabil's headquarters in Tampa on Sunday to be physically present with the corporate representative during the deposition scheduled for today.  As you might imagine, preparing a corporate witness to testify to the 20+ different topics identified in your amended deposition notice took numerous billable hours from the attorneys in our office, not to mention the significant time that Jabil's team dedicated to helping us prepare for the deposition or the cost and time of the travel to get to Tampa.

Notwithstanding your cancellation of your 30(b)(6) deposition of Jabil, we still intend to take Mr. Nguy's continued deposition.  To avoid any miscommunications, however, please confirm that Mr. Nguy's continued deposition will proceed on 1/8/26 as previously agreed.

Respectfully,

Ian A. Wright
Partner
**ALSTON & BIRD**
350 South Grand Avenue

51st Floor

Los Angeles, CA 90071
+1 213 576 1015 (O)
Ian.Wright@alston.com

---

**From:** Elnaz Masoom <emasoom@masoomlaw.com>
**Sent:** Sunday, December 14, 2025 10:59 PM
**To:** Wright, Ian <Ian.Wright@alston.com>; Owen, Kaitlin <Kaitlin.Owen@alston.com>
**Cc:** Gil Katzen <gil@masoomlaw.com>; Monique Nicolas <monique@masoomlaw.com>
**Subject:** PMQ Deposition 12/15/25- Cancellation Notice

**EXTERNAL SENDER – Proceed with caution**

---

[Quoted text hidden]

---

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

---

**Wright, Ian** <Ian.Wright@alston.com>                                      Mon, Jan 26, 2026 at 6:06 PM
To: Elnaz Masoom <emasoom@masoomlaw.com>, "Owen, Kaitlin" <Kaitlin.Owen@alston.com>
Cc: Gil Katzen <gil@masoomlaw.com>, Monique Nicolas <monique@masoomlaw.com>

Dear Elnaz,

Pursuant to FRCP 30(g), I am writing to formally request that your office pay the costs and fees that Jabil incurred preparing for the 30(b)(6) deposition that your office cancelled the night before it was scheduled to proceed.  Please let us know whether your office will agree to cover these costs/fees or whether we will need to file a motion to recover them.

[Quoted text hidden]
[Quoted text hidden]

---

**Wright, Ian** <Ian.Wright@alston.com>                                      Wed, Jan 28, 2026 at 2:58 PM
To: Elnaz Masoom <emasoom@masoomlaw.com>, "Owen, Kaitlin" <Kaitlin.Owen@alston.com>
Cc: Gil Katzen <gil@masoomlaw.com>, Monique Nicolas <monique@masoomlaw.com>

Elnaz:  Good afternoon.  Please provide a response to my below email at your earliest convenience.  Thank you.

[Quoted text hidden]
[Quoted text hidden]

---

**Elnaz Masoom** <emasoom@masoomlaw.com>                    Thu, Jan 29, 2026 at 1:50 PM
To: "Wright, Ian" <Ian.Wright@alston.com>
Cc: "Owen, Kaitlin" <Kaitlin.Owen@alston.com>, Gil Katzen <gil@masoomlaw.com>, Monique Nicolas
<monique@masoomlaw.com>

Ian,

We disagree that Rule 30(g) applies under these circumstances.

Rule 30(g) permits recovery only where a party attends a deposition that does not proceed, or where expenses are incurred due to a failure to attend. Here, no deposition occurred, no witness appeared, and no party attended. Moreover, your office was notified of the cancellation before the scheduled deposition, and no costs recoverable under Rule 30(g) were incurred as a result of any failure to appear.

Preparation costs alone, absent attendance or other sanctionable conduct contemplated by the Rule, are not recoverable under Rule 30(g). Accordingly, there is no basis for shifting fees or costs.

Cordially,

E. Masoom

[Quoted text hidden]

---



## CERTIFICATE OF SERVICE

**Case Name:** *Thanh Nguy v. Jabil, inc., et al.*
**Case No.** Northern District of California Case No. 5:24-cv-06798-EKL

I am a resident of California, over the age of eighteen years, and not a party to the within action. My business address is Masoom Law Firm P.C., 1625 The Alameda, Suite 700, San Jose, CA 95126. On this date, I served within documents upon counsel in the manner described below. :

1. **PLAINTIFF'S OPPOSITION TO DEFENDANT JABIL INC.'S MOTION FOR SANCTIONS**
2. **DECLARATION OF ELNAZ MASOOM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT JABIL INC.'S MOTION FOR SANCTIONS**

Participants in the case who are registered CM/ ECF users will be served by the Northern District CM/ ECF System. In addition, the following counsel will be served in the manner described below:

<u>Via Electronic Service</u>                          Attorney for Defendant
Ian Andrew Wright                                   JABIL, INC, et al.
Kaitlin Hanigan Owen
Alston & Bird LLP
350 South Grand Avenue
Ste 5100
Los Angeles, CA 90071
ian.wright@alston.com
kaitlin.owen@alston.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. March 10, 2026, at San Jose, California.

<u>/s/ Monique Nicolas</u>

Monique Nicolas

MLF – A0033

PLAINTIFF'S OPPOSITION TO DEFENDANT JABIL INC.'S MOTION FOR SANCTIONS
Case No.: 5:24-cv-06798-EKL