UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THANH NGUY,<br><br>                 Plaintiff,<br><br>     v.<br><br>JABIL INC.,<br><br>                 Defendant. | Case No.  24-cv-06798-EKL (VKD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS; ORDER FOR SUPPLEMENTAL SUBMISSIONS**<br><br>Re: Dkt. No. 60 |

Defendant Jabil, Inc. ("Jabil") moves for monetary sanctions of $ 28,536.35 in attorneys' fees and costs Jabil says it incurred due to plaintiff Thanh Nguy's last-minute cancellation of Jabil's Rule 30(b)(6) deposition.[1]  Dkt. No. 61.  Mr. Nguy opposes the motion.  Dkt. No. 63.  In its reply (Dkt. No. 64), Jabil additionally requests "that the Court consider imposing additional sanctions on [Mr. Nguy]'s counsel" for including a "fictitious case citation that was likely generated by artificial intelligence ('AI')" in Mr. Nguy's original opposition (Dkt. No. 62).  *See* Dkt. No. 64 at 2.[2]  Mr. Nguy's counsel responded by filing a supplemental declaration and exhibits.  *See* Dkt. Nos. 66, 67.

Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court grants in part and denies in part Jabil's motion for monetary sanctions in connection with the canceled deposition.  The Court denies Jabil's request to sanction Mr. Nguy's

---

[1] Fact discovery closed on November 17, 2025.  *See* Dkt. No. 41.  Jabil filed its motion for sanctions on February 24, 2026 with leave of court.  *See* Dkt. Nos. 58, 59.

[2] All pin citations to the parties' briefs refer to the page number appearing in the ECF header on court filings.

United States District Court
Northern District of California

counsel for the fictitious case citation, with a warning that in the future, the failure to confirm or double-check the accuracy, veracity, or even existence of a case or legal citation (or assertion of fact) created by an AI tool is grounds for potential sanctions.

## I.     BACKGROUND

Mr. Nguy filed this employment action in the Santa Clara County Superior Court against Jabil, his former employer.  Jabil removed the action to this Court, invoking federal diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. No. 1.  The operative first amended complaint (Dkt. No. 32) asserts claims under state and common law for race and age discrimination, harassment, failure to prevent discrimination and harassment, retaliation, and wrongful termination.[3]

The record presented indicates that Mr. Nguy previously noticed Jabil's Rule 30(b)(6) deposition to occur, by remote means, on October 16, 2025.  *See* Dkt. No. 63-1 ¶ 3.  For reasons unexplained on this record, Jabil's deposition did not proceed on that date.  Notwithstanding the November 17, 2025 fact discovery cutoff, the parties agreed that Jabil's Rule 30(b)(6) deposition would proceed in December 2025.[4]  *See* Dkt. No. 60-1 ¶ 5; *see also* Dkt. No. 63-1 ¶ 3.

On December 1, 2025, Mr. Nguy served a notice for Jabil's deposition to take place on December 15, 2025 via Zoom.  *See* Dkt. No. 60-1 ¶¶ 2, 4 & Ex. A; Dkt. No.63-1 ¶ 3.  At defense counsel's request, the parties agreed that the deposition would start at 8:30 a.m. (Pacific) because Jabil's designated Rule 30(b)(6) witness is in Florida, where Jabil's corporate office is located. *See* Dkt. No. 60-1 ¶¶ 7, 11.  Jabil served its objections to the deposition notice on December 9, 2025.  *See* Dkt. No. 60-1 ¶¶ 8, 9 & Ex. B.  Jabil's counsel states that on December 12, 2025, she emailed Mr. Nguy's counsel, requesting the deposition Zoom link "as soon as possible." *See id*. ¶ 10.  On December 14, 2025, Jabil's counsel flew to Florida to defend Jabil's deposition.  *See id*. ¶ 11.  Late that evening (at around 11:00 p.m. (Pacific) and 2:00 a.m. (Eastern)), Mr. Nguy's

United States District Court
Northern District of California

---

[3] After the presiding judge granted Jabil's motion to dismiss the remaining claims asserted in the first amended complaint, including a claim asserted by Mr. Nguy's spouse, Hanh Nguyen (*see* Dkt. No. 40), Mr. Nguy did not further amend his complaint.

[4] The presiding judge's scheduling order (Dkt. No. 41) and Standing Order for Civil Cases state that the "[t]he close of fact discovery is the date by which all discovery must be completed," and that "[d]epositions must be noticed at least 30 days prior to the close of fact discovery."

counsel sent an email to defense counsel, canceling Jabil's deposition for reasons that Mr. Nguy's counsel said she was "unable to disclose" and with "apologies for the very short notice." *See* Dkt. No. 60-1 ¶¶ 12-14 & Ex. C; Dkt. No. 63-1 ¶ 6 & Ex. A.  The email further stated, "Should we need to reschedule this deposition, we will reach out to you."  Dkt. No. 60-1 ¶¶ 13, 14 & Ex. C; Dkt. No. 63-1, Ex. A.  Jabil states that Mr. Nguy never rescheduled Jabil's Rule 30(b)(6) deposition.  *See* Dkt. No. 60-1 ¶ 15.

## II.    DISCUSSION

### A.    Motion for Sanctions re Cancelled Deposition

Jabil argues that sanctions are warranted under Rule 30(g),[5] and that Mr. Nguy and/or his counsel should be ordered to pay $28,536.35 in fees and costs, including the cost of defense counsel's travel to Florida and accommodations, that Jabil incurred in connection with the cancelled deposition.  Jabil maintains that Mr. Nguy cancelled the deposition at the last minute, "[d]espite being fully aware of [defense counsel's] intent to travel to Tampa, Florida and the expenditures associated therewith[.]"  Dkt. No. 60-1 ¶ 12.  Mr. Nguy contends that Jabil is not entitled to recover its attorneys' fees and costs as a sanction because his counsel notified Jabil of the cancellation "in good faith and as soon as practicable under the circumstances"; Jabil never advised that its counsel would be traveling to Florida for the deposition; and defense counsel's decision to travel to Florida for the deposition was "a voluntary non-recoverable litigation choice, not a Rule 30(g) expense."  *See* Dkt. No. 63 at 1, 3; Dkt. No. 63-1 ¶¶3-10.

"A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition."  Fed. R. Civ. P. 30(g)(1); *see Detsch & Co. v. Am. Products Co.*, 141 F.2d 662 (9th Cir. 1944) (affirming attorneys' fees award where noticing party cancelled one of two scheduled depositions)

Mr. Nguy maintains that "[d]efense [counsel] never warned they would incur travel" (Dkt. No. 63-1 ¶ 8), and Jabil acknowledged at the motion hearing that it did not expressly state that its

---

[5] At the motion hearing, Jabil confirmed that it is no longer relying on Rule 37 as a basis for the sanctions motion.  *See* Dkt. No. 68.

counsel would travel to Florida for the deposition. But the fact remains that Jabil's counsel did travel to Florida for the deposition, and Mr. Nguy has not explained or justified the last-minute deposition cancellation. While Mr. Nguy's counsel initially told Jabil's counsel that she could not disclose the reasons for the last-minute deposition cancellation (*see* Dkt. No. 60-1 ¶¶ 13-14 & Ex. C; Dkt. No. 63-1 ¶ 6 & Ex. A), and also stated at the motion hearing that the reasons for cancellation are privileged (*see* Dkt. No. 68), in his opposition papers Mr. Nguy says that "[i]n light of evolving case priorities and proportionality considerations under Rule 26(b)(1), Plaintiff determined the deposition was no longer warranted." Dkt. No. 63 at 3; *see also* Dkt. No. 63-1 ¶ 9. That assertion does not explain or justify the cancellation late on the eve of the deposition, notwithstanding Mr. Nguy's counsel's representations that the cancellation was made "in good faith" (*see* Dkt. no. 63-1 ¶ 6). While Mr. Nguy argues that Rule 30(g) does not provide for any award of fees or costs in these circumstances, he also acknowledged at the motion hearing that his operative opposition cites no caselaw at all, much less any cases supporting his interpretation of Rule 30(g). Accordingly, the Court finds that the last minute cancellation of Jabil's Rule 30(b)(6) deposition was unreasonable and that an award of reasonable attorneys' fees and costs—to be paid jointly and/or severally by Mr. Nguy and his counsel—is warranted under Rule 30(g). *See, e.g., Loop AI Labs, Inc. v. Gatti*, No. 15-cv-00798-HSG (DMR), 2017 WL 65632, at *4-*5 (N.D. Cal. Jan. 6, 2017) (granting motion for sanctions under Rule 30(g) where it was "undisputed that Plaintiff noticed Ferri's deposition for January 21, 2026 in San Francisco, but did not proceed with it" and failed to explain or justify the failure to proceed with the deposition as noticed); *Baldwin–Lima–Hamilton Corp. v. Tatnall Measuring Sys. Co.*, 22 F.R.D. 12, 13 (E.D. Pa. 1958) (awarding reasonable travel fees under Rule 30(g), despite lack of bad faith or unreasonable conduct, where party was not notified until the day before the taking of a deposition that deposition would not be taken, and party traveled to the place of examination in a distant state with five attorneys).

Even so, Jabil is not entitled to reimbursement of fees or costs associated with Jabil's objections to Mr. Nguy's deposition notice, and its request for the same is denied. Jabil has not demonstrated that those are fees or costs that it would not have incurred but for the cancellation.

Additionally, Jabil's request for fees and costs is vague and otherwise inadequately

4

United States District Court
Northern District of California

United States District Court
Northern District of California

supported in other respects.  While Jabil may recover its reasonable attorneys' fees and costs associated with preparing for the deposition and counsel's travel to Florida to defend the deposition, Jabil's request for fees and costs incurred in "[p]reparing [p]roduction of [d]ocuments" does not clearly explain whether the would-be document production[6] (or some portion of it) included documents that Jabil had an independent obligation to produce in discovery, or whether the documents were prepared for production solely in connection with the cancelled deposition. Jabil has also not adequately supported the reasonableness of the requested fees, including evidence (other than the declaration of interested counsel) that the requested fees are reasonable based on the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation in the relevant geographic area and for the relevant time period.  *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008); *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997); *United Steelworkers of Am. v. Phelps Dodge Co.*, 896 F.2d 403, 407 (9th Cir. 1990); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).

The Court gives Jabil leave to file a supplemental submission addressing these deficiencies, including any declarations, timesheets, or other documentation necessary to enable Mr. Nguy and the Court to assess the reasonableness of the requested hourly rates and the work performed.  Jabil's supplemental submission (limited to 5 pages, excluding declarations, timesheets, or other documentation) is due by **April 14, 2026**.  Mr. Nguy's response (limited to 5 pages, excluding declarations or other documentation), shall be filed by **April 21, 2026** and shall address only the amount of the fees and costs requested (i.e., Mr. Nguy may not reargue the propriety of an award of fees and costs).

### B.    Request for Sanctions re Fictitious Case Citation

In its reply on the present motion for sanctions, Jabil requests that the Court impose

---

[6] At the motion hearing, Jabil stated that it intended to produce the documents on the morning of the deposition, thus suggesting that the documents were not actually produced.

additional sanctions, pursuant to Rule 11, on Mr. Nguy's counsel, Elnaz Masoom, for filing an opposition containing what Jabil claims likely is a hallucinated case citation generated by AI. *See* Dkt. No. 64. The record reflects that Ms. Masoom initially filed Mr. Nguy's opposition to Jabil's present motion for sanctions at 4:42 p.m. on the March 10, 2026 filing deadline. *See* Dkt. No. 62. That opposition brief contained several case citations, with one particular case (purportedly, a decision by a court in the Eastern District of California) cited several times in Ms. Masoom's substantive discussion of the law. *See id*. The docket reflects that at 3:55 p.m. on March 11, 2026, Ms. Masoom filed a corrected opposition, which removes all previously cited caselaw—indeed, the corrected brief cites no cases at all and relies solely on Rule 30(g). *See* Dkt. No. 63.

Jabil says that Mr. Nguy's corrected opposition was filed only after Jabil's counsel contacted Ms. Masoom on March 11, 2026 and requested that she provide a copy of the fictitious case, or withdraw the opposition and notify the Court of her error. *See* Dkt. No. 64 at 2. Jabil argues that Ms. Masoom instead simply filed a corrected (and untimely) opposition on March 11, 2026. *See id*. Jabil contends that Ms. Masoom used AI without verifying the accuracy of the papers she filed with the Court and that the fictitious case citation in the original opposition was not merely an innocent mistake. Jabil argues that such use of AI violates Rule 11(b), as well as section VIII.H. of the presiding judge's Standing Order for Civil Cases. *See id*. at 5-7. Ms. Masoom maintains that the original opposition was an "erroneously submitted" "initial draft" of Mr. Nguy's opposition. According to Ms. Masoom, that "initial draft" contained several case citations that were removed from subsequent revisions as irrelevant, as well as one "incorrectly cited" case. *See* Dkt. No. 66 ¶ 5. She maintains that she notified the Court of the erroneous filing and promptly filed the corrected opposition on March 11, 2026. *See* Dkt. No. 66 ¶¶ 6-10; Dkt. No. 67 at 4.

Under Rule 11(b), an attorney who signs a legal document "certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991); Fed. R. Civ. P. 11(b). In addition, the Civil Local Rules require every member of the bar of this Court to "comply

with the standards of professional conduct required of members of the State Bar of California." Civil L.R. 11-4(a)(1).  Under California Rule of Professional Conduct 3.3, lawyers have a duty of candor, which prohibits a lawyer from "knowingly mak[ing] a false statement of fact or law to a tribunal[.]"  On this record, the Court is concerned that Mr. Nguy's counsel may have relied on AI to identify legal authorities and did not exercise care in ensuring that that fictitious AI-generated legal authorities were not included in Mr. Nguy's opposition filed with the Court.  However, Ms. Masoom promptly corrected the claimed erroneous filing, and, at the motion hearing, she confirmed that she and her firm have taken steps to ensure that this situation does not occur again. The Court therefore declines to impose any sanctions.  However, all parties are reminded that the failure to confirm or double-check the accuracy, veracity, or even existence of a case or legal citation (or assertion of fact), whether created by an AI tool or otherwise, is grounds for potential sanctions.

### III.    CONCLUSION

For the reasons explained above, the Court grants in part and denies in part Jabil's motion for monetary sanctions in connection with the canceled deposition, and sets a briefing schedule above for supplemental submissions.  The Court denies Jabil's request to sanction Mr. Nguy's counsel for the fictitious case citation included in Mr. Nguy's original opposition to the motion for sanctions.

**IT IS SO ORDERED.**

Dated: April 7, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California