UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THANH NGUY,<br><br>            Plaintiff,<br><br>        v.<br><br>JABIL INC.,<br><br>            Defendant. | Case No.  24-cv-06798-EKL (VKD)<br><br>**ORDER RE AWARD OF FEES AND COSTS TO JABIL, INC.** |

## I.        BACKGROUND

Defendant Jabil, Inc. ("Jabil") previously moved for reimbursement of attorneys' fees and costs due to plaintiff Thanh Nguy's last-minute cancellation of Jabil's Rule 30(b)(6) deposition. Dkt. No. 60.  The Court granted Jabil's motion in part and denied it in part.  Dkt. No. 69. Relevant to the discussion below, the Court concluded that Jabil is entitled to its reasonable fees and costs, to be paid jointly and/or severally by Mr. Nguy and his counsel.  *Id*. at 4.[1]  However, the Court denied Jabil's request for fees and costs associated with Jabil's objections to Mr. Nguy's deposition notice.  *Id*.  The Court also found that Jabil's request for fees and costs was otherwise vague and inadequately supported.  *Id*. at 4-5.  The parties were directed to file supplemental briefing.  *Id*. at 5; *see also* Dkt. No. 72.  They have done so.  *See* Dkt. Nos. 70, 71, 73.[2]

Jabil now seeks a reduced sum of $22,108.50[3] in fees and costs, including $13,370.00 for

---

[1] With respect to filed documents, all pin citations refer to the page number appearing on the ECF header on those documents.

[2] The parties are reminded that they must provide chambers copies of their filings in compliance with the Court's Standing Order for Civil Cases.

time counsel spent traveling to and from Florida for the deposition.  *See* Dkt. No. 70.  For the reasons discussed below, the Court awards Jabil $22,108.50 in fees and costs.

## II.  DISCUSSION

Whether calculating attorneys' fees under California or federal law, courts follow the lodestar approach.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000) ("[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate.").

### A.  Reasonable Rate

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *see also PLCM Grp.*, 22 Cal. 4th at 1095 ("The reasonable hourly rate is that prevailing in the community for similar work.").  "Generally, the relevant community is the forum in which the district court sits."  *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001) (remarking that "the reasonable value of attorney services is variously defined as the hourly amount to which attorneys of like skill in the area would typically be entitled.") (quotation modified; citation omitted); *Syers Props. III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 700 (2014) ("The determination of the 'market rate' is generally based on the rates prevalent in the community where the court is located.") (citation omitted).  The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and

---

[3] Jabil originally requested $28,536.35.  *See* Dkt. No. 60.  As discussed above, the Court denied Jabil's request for some fees and costs.  Additionally, Jabil now advises that it is no longer seeking its fees and costs incurred in connection with document production.  *See* Dkt. No. 70 at 2 n.1.

United States District Court
Northern District of California

reputation. *Blum*, 465 U.S. at 896 n.11; *see also United Steelworkers of America v. Phelps Dodge Co.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").

Jabil seeks reimbursement of fees at hourly rates of $955 for Ms. Owen (a partner with more than 10 years of experience in employment matters) and $995 for Mr. Wright (a partner with more than 15 years of experience in employment matters). *See* Dkt. No. 70-1 ¶¶ 4-5. These rates are somewhat higher than those that have been approved recently for similar work in this District. *See, e.g., Toledo v. Delta Air Lines, Inc.*, No. 22-cv-00081-AMO, 2026 WL 585462, at *6 (N.D. Cal. Mar. 2, 2026); *Riley v. QuantumScape Corp.*, No. 22-cv-03871-BLF, 2023 WL 5279810, at *6 (N.D. Cal. Aug. 15, 2023).. But for purposes of resolving this motion, and because Mr. Nguy does not dispute the rates, the Court accepts them.

### B.    Reasonable Hours

Mr. Nguy argues that any award of fees and costs should exclude Jabil's request for travel-related expenses, including for 14 hours of time counsel spent traveling to and from Florida for the deposition. But if any such expenses are awarded, Mr. Nguy argues that defense counsel's travel time should not be reimbursed at her full hourly rate. *See* Dkt. No. 71-1 ¶ 4. Mr. Nguy contends that "the usual and customary practice in California is for attorneys to charge travel time at half their usual hourly rate." *See* Dkt. No. 71 at 2; Dkt. No. 71-1 ¶¶ 3, 4. Mr. Nguy states no other objections to the reasonableness of the time claimed by Jabil.

The Court has already determined that Jabil may recover reasonable fees and costs, including for counsel's travel to and from Florida for Jabil's Rule 30(b)(6) deposition. *See* Dkt. No. 69 at 5. Additionally, with respect to the parties' supplemental briefing, the Court stated that it was not going to revisit the propriety of an award of fees and costs. *See id.*.

As for the reasonableness of the 14 hours of travel time claimed by Jabil, Mr. Nguy has cited no binding authority or any decisions by California courts reducing counsel's hourly rate by 50% as a matter of course for travel time. While courts in this District may have applied such a

United States District Court
Northern District of California

United States District Court
Northern District of California

reduction in awarding fees, Mr. Nguy brings no such cases to this Court's attention or addresses the circumstances in which such a reduction may have been deemed appropriate; he cites only out-of-district authority.  Jabil cites cases indicating that California courts, including in this District, have awarded fees for travel time at the attorney's full hourly rate.  *See, e.g., Notter v. City of Pleasant Hill*, No. 16-cv-04412-JSC, 2017 WL 5972698, at *4 (N.D. Cal. Nov. 30, 2017) (awarding fees at full hourly rate for 33.5 hours of travel time); *Gordillo v. Ford Motor Co.*, No. 1:11–cv–01786 MJS, 2014 WL 2801243, at *4 (E.D. Cal. June 19, 2014) ("[S]o long as the amount of time spent traveling is reasonable, and the meeting or event to which the attorney is traveling is necessary to the case, the court will award compensation of travel time at the attorney's full hourly rate.").  While Mr. Nguy expresses concern that Jabil's counsel may have worked on other matters while she traveled, counsel avers that she did not do so.  *See* Dkt. No. 73-1 ¶ 10.  Additionally, Jabil's counsel avers that, consistent with her firm's standard practice, Jabil was billed for travel time at counsel's full hourly rate.  *See id*. ¶¶ 8-9; Dkt. No. 70-1 ¶ 15, Ex. B. As Mr. Nguy cites no authority compelling a contrary conclusion, the Court finds no reason to apply a 50% reduction in counsel's rate for travel time.  Having reviewed records submitted by Jabil, the Court finds Jabil's requested fees and costs are reasonable.

## III.    CONCLUSION

Based on the foregoing, Jabil's request for reimbursement of its fees and costs is granted as follows:  Jabil is awarded $22,108.50 in fees and costs, to be paid jointly and/or severally by Mr. Nguy and his counsel within 30 days from the date of this order.

**IT IS SO ORDERED.**

Dated: May 19, 2026

Virginia K. DeMarchi
United States Magistrate Judge

4